# EXHIBIT A

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

RUBEN BELLO,

    Plaintiff,

v.

DHL EXPRESS (USA), INC.,
a Florida company,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Ruben Bello ("Bello"), under Fla. Stat. § 440.205, files this Complaint against Defendant, DHL Express (USA), Inc., ("DHL"), and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages, in which the amount in controversy is in excess of thirty thousand and no/100 ($30,000.00) dollars, exclusive of interest, court costs and attorney's fees.

2. At all material times, DHL was a Florida company authorized to conduct and conducting business in Miami-Dade County, Florida.

3. At all material times, Bello was *sui juris*, and a resident of Miami-Dade County, Florida.

4. Venue is proper in this Court as the cause of action accrued in and the parties are located in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

5. Defendant is a distribution facility located at 8400 NW 25th Street, Doral, FL 33122, that specializes in shipping logistics.

6. Plaintiff worked for Defendant as a dock worker/driver for approximately twenty-two (22) years until approximately July 1, 2020.

7. On numerous occasions throughout Mr. Bello's employment with DHL, he complained of the hostile work environment to Gregory Riggen, Special Manager, who had been recently replaced by Tony Margarella, as well as Aregelio Hill (Supervisor), and to Zenaida Villatoro (fellow colleague).

8. Specifically, Plaintiff complained of verbal abuse suffered by his supervisor Alex Saumell ("Saumell").

9. Mr. Saumell verbally abused Plaintiff by yelling obscenities at him such as "you don't know me, but you will find out," "I will make your life impossible," and "I will make your life miserable."

10. Consequently, Plaintiff's mental well-being deteriorated.

11. Thereafter, he complained of his mental well-being issues to Greg Riggin (Special Manager) ("Riggin") in order to seek medical care.

12. Mr. Riggin referred him to Argelio Gil ("Gil"), Supervisor, who attempted to coerce Plaintiff not to file workers compensation claim as there was no physical damage suffered.

13. On or about June 2020, Plaintiff applied for FMLA due to the mental deterioration he suffered as a result of the hostile work environment.

14. On July 1st, 2020, Plaintiff's FLMA claim was denied.

15. Notwithstanding, Plaintiff rightfully sought medical care with Psychiatry Dr. Priscilla Borrego, MD ("Dr. Borrego").

16. On or about June 26, 2020, Plaintiff was diagnosed with post-traumatic stress disorder ("PTSD"), stemming from the workplace verbal abuse.

17. On June 29, 2020, Plaintiff's psychiatrist Dr. Borrego once again communicated to DHR regarding Plaintiff's medical restrictions and that he could not return to work.

18. Subsequently, on July 1, 2020, Defendant unlawfully terminated Plaintiff in retaliation for pursuing his rightful FMLA.

19. As a result, Plaintiff has suffered damages and is entitled to receive compensation.

20. Plaintiff has complied with all condition's precedent to the filing of this action.

21. Plaintiff has retained the undersigned law firm to represent him in this action and is obligated to pay a reasonable attorney's fees.

22. As a direct and proximate result of the Defendants' unlawful and willful actions, as set forth above, the Plaintiff has suffered damages and will continue to suffer damages in the future including, but not limited to:

    a. Loss of past and future income;

    b. Loss of future earning capacity;

    c. Loss of other fringe benefits;

    d. Stress, mental anguish, anxiety, and emotional distress;

    e. Loss of capacity for the enjoyment of life;

    f. Medical care and treatment; and

    g. Other financial losses.

**PRE-SUIT DEMAND**

23. On December 21, 2020, Plaintiff through undersigned counsel, sent to Defendant a pre-suit demand, requesting that they pay damages, but Defendant instead sent a response dated March 23, 2021, denying Plaintiff's allegations.

**COUNT I–RETALIATION
IN VIOLATION OF THE FMLA**

24. Plaintiff re-alleges paragraphs one (1) through (24) above.

25. This is an action against Defendants for retaliation in violation of the Family and Medical Leave Act ("FMLA").

26. Defendants are "employers" as defined in the FMLA, 29 U.S.C. § 2611(4).

27. Plaintiff is an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2).

28. Plaintiff invoked his right to FMLA benefits.

29. As a result of his lawful request for FMLA benefits, Plaintiff was unlawfully terminated by Defendants.

30. As a result of Defendants unlawful retaliation, Plaintiff has incurred, and is now incurring, a loss of wages within the meaning of the FMLA, 29 U.S.C. § 2617(a) for which he is entitled to be compensated.

**COUNT II – INTEFERENCE UNDER FMLA**

31. Plaintiff re-alleges paragraphs one (1) through (24) above.

32. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices and interference with Plaintiff's, valid medical leave under the Family and Medical Leave Act of 1994, 29 U.S.C. § 2601 ("FMLA").

33. Defendants are employers as defined by the FMLA.

34. Plaintiff was entitled to benefits under the FMLA.

35. Defendants unlawfully prevented him from obtaining those benefits.

36. Defendants interfered with Plaintiff's FMLA benefits by providing him with sales goals which it knew were impossible to meet during his FMLA leave, effectively denying Plaintiff his right to said benefits.

37. As a direct and proximate cause of result of Defendants' actions, Plaintiff has been damaged and is entitled to be compensated for his losses.

### COUNT III – DISABILITY-DISCRIMINATION IN VIOLATION OF THE (FLA. CIVIL RIGHTS ACT OF 1992, CHAPTER 760, FLA. STAT ("FCRA"))

38. Plaintiff re-alleges paragraphs one (1) through twenty-four (24) above.

39. This is an action against Defendant for discrimination for Plaintiff's disability in violation of the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA").

40. At all material times, Plaintiff is and was a member of the class of protected individuals protected by the FCRA.

41. Defendant, DHL, is an employer as defined by the FCRA.

42. Defendant discriminated against and terminated Plaintiff due to his disability (PTSD).

43. Defendant's actions constitute a continuing violation of the FCRA.

44. As a direct and proximate cause of result of Defendants' actions, Plaintiff has been damaged and is entitled to be compensated for his losses

### DEMAND FOR JURY TRIAL

45. Plaintiff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Ruben Bello, respectfully requests that judgment be entered in his favor against Defendants, DHL, awarding to Plaintiff legal and equitable relief including, but not limited to, reinstatement, enjoining Defendants from further retaliation, payment of lost and withheld compensation, back-pay, front pay, compensatory punitive damages, including past and future wages and pain and suffering, together with interest and additional amounts such as liquidated damages, interest, and reasonable attorneys' fees, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 9th of June 2022.

By: /s/ Henry Hernandez
Henry Hernandez, Esq.
Florida Bar No. 542601
Garcia Hernandez, P.A.
2655 S. LeJeune Road, Suite 802
Coral Gables, FL 33134
Email: Henry@HHLAWFLORIDA.com
Tel: 305.771.3374
*Co-Counsel for Plaintiff*

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
*Co-Counsel for Plaintiff*
2655 S. LeJeune Road, Suite 802
Coral Gables, FL 33134
Email: me@espino-law.com
Tel: 305.704.3172
*Co-Counsel for Plaintiff*