IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

RUBEN BELLO,

    Plaintiff,

vs.

DHL EXPRESS (USA), INC.,
a Florida Company,

    Defendant.

Case No.: 22-cv-23005-DPG

**RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIALLY UNOPPOSED MOTION FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Ruben Bello, files this his response in opposition to Defendant's Partially Unopposed Motion for Leave to Amend Affirmative Defenses and Incorporated Memorandum of Law and in support thereof, states, as follows:

**I.     INTROUDCTION**

On June 9, 2022, Plaintiff filed the instant action against Defendant for violations of the Family and Medical Leave Act ("FMLA"), Count I (FMLA Retaliation) and Count II (FMLA Interference) and the Florida Civil Rights Act ("FCRA"), Count III (FRCA Handicap Discrimination), in Miami-Dade County, Florida. On September 20, 2022, Defendant removed the action to this Court [D.E. 1], and filed its Answer and Affirmative Defenses on September 27, 2022 [D.E. 7]. On October 14, 2022, the parties submitted their Joint Scheduling Report [D.E. 9], On October 21, 2022, this Court entered its Scheduling Order [D.E. 10] setting forth the deadlines

in this action, *inter alia*, the deadline to amend pleadings, December 9, 2022, and the deadline to complete discovery, March 17, 2023. On March 2, 2023, Defendant filed its Partially Unopposed Motion for Leave to Amend Affirmative Defenses and Incorporated Memorandum of Law. Plaintiff strongly opposes Defendant's untimely attempt to add the defense of "Plaintiff's failure to exhaust administrative remedies as to his disability discrimination claim." First, Defendant failed/refused to promptly assert this affirmative defense, and thus waived it. Next, Defendant cannot show good cause for its failure to timely move to assert this defense. Finally, Plaintiff will be severely prejudiced should Defendant be allowed to assert this new defense more than nine (9) months after the filing of his complaint, and after his deposition was taken.

## II.     LEGAL MEMORANDUM

### A. Rule 15 --Amendment of Pleadings

Rule 15 of the Federal Rules of Civil Procedure generally governs amendments to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, a court's decision on whether to grant a litigant the opportunity to amend is discretionary. *See Foman*, 371 U.S. at 182.

## B. Rule 16 --Governs Where Motion to Amend is After Scheduling Order Deadline

However, when a party files a motion to amend after a scheduling order deadline, as is the case here, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2, 1419 (11th Cir. 1998). Rule 16 states that requests for leave to amend after the applicable deadline, as set forth in a court's scheduling order, require a showing of "good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quotation marks omitted); *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [courts] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). If the movant "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (*quoting Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992)).

### i. No Good Cause

Good cause exists when "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed." *Donahay v. Palm Beach Tours & Transp., Inc*., 243 F.R.D. 697, 699 (S.D. Fla. 2007) (citation omitted). "[E]ven if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Id*. In this regard, a court's "evaluation of good cause [under Rule 16] is more stringent than its inquiry into the propriety of amendment under the more liberal Rule 15." *Id*. (citing *Sosa*, 133 F.3d at 1418).

Moreover, a plaintiff "must establish good cause for their delay in seeking to amend the pleadings after the Court's deadline for amendment before the Court may consider whether to grant leave to amend under Rule 15." *Remington v. Newbridge Sec. Corp.*, No. 13-cv-60384, 2014 WL 505153, at *12 (S.D. Fla. Feb. 7, 2014). Thus, the Court must first address whether good cause exists under Rule 16 before determining whether Defendant should be granted leave to amend under Rule 15. *Sosa*, 133 F.3d at 1418.

Defendant will not be able to establish good cause for its delay in seeking to amend its affirmative defenses in this action. First, Defendant submitted its Motion for Leave to Amend on March 2, 2023 [D.E. 17], approximately three (3) months after the Court's deadline to amend.[1] *See* [D.E. 10]. Defendant seeks to assert as an affirmative defense, "failure to exhaust administrative remedies on Plaintiff's claim for disability discrimination," for the first time approximately nine (9) months after Plaintiff's Complaint was filed in this case. *See* [D.E. 17]. However, Defendant states that it seeks to add this affirmative defense based on new evidence obtained after Plaintiff's deposition. However, Defendant misleads the Court in this regard. Specifically, Defendant was in possession of Plaintiff's EEOC Charge (the document which now forms the basis of Defendant's request for leave to amend its affirmative defenses) since as early as May 29, 2021, the date Defendant submitted their Position Statement in response to Plaintiff's EEOC Charge. Further, Defendant was provided the EEOC Charge again on October 24, 2022, the date Plaintiff served its initial disclosures to Defendant in this action. Accordingly, Defendant could have complied with the Court's Scheduling Order deadline of December 9, 2022 to amend and timely sought leave to amend its Answer and Affirmative Defenses. However, Defendant

---

[1] The Court's Scheduling Order's deadline to amend was December 9, 2022; and the discovery cut-off deadline is March 17, 2023.

failed to do so. As such, Defendant cannot demonstrate good cause exists for its delay in seeking to promptly assert the exhaustion defense, or timely amend its pleading. Instead, now almost three (3) months after the Court's deadline to amend, and a little less than two (2) weeks before the close of discovery Defendant moves to amend its pleading.

### ii.  Defendant Waived Exhaustion of Administrative Remedies

Further, by failing to promptly assert the affirmative defense of failure to exhaust administrative remedies in this action, Defendant waived the ability to assert the defense altogether. Here, Defendant unreasonably delayed asserting the exhaustion defense to Plaintiff's detriment. In *Fort Bend County v. Davis*, the Supreme Court of the United States held that employers who do not timely assert failure to exhaust administrative remedies in employment discrimination cases risk waiving the defense.

### iii.  Conclusion

If Defendant were allowed to add this new affirmative defense, it would cause Plaintiff unreasonable prejudice and surprise. Based on the foregoing, Plaintiff requests that Defendant's Motion to Amend their Answer and Affirmative Defenses to assert Plaintiff's failure to exhaust its administrative remedies as to disability discrimination be denied as a matter of law, and that this affirmative defense be deemed waived.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Ruben Bello, respectfully requests that Defendant's Partially Unopposed Motion for Leave to Amend Affirmative Defenses to assert Plaintiff's failure to exhaust its administrative remedies as to disability discrimination be denied as a matter of law,

and that this affirmative defense be waived, and granting such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on all parties in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counselor parties who are not authorized to receive electronically Notices of Electronic Filing, this 13th day of March 2023.

By: /s/ Henry Hernandez
Henry Hernandez, Esq.
Florida Bar No. 542601
Garcia Hernandez, P.A.
2655 S. LeJeune Road, Suite 802
Coral Gables, FL 33134
Email: Henry@HHLAWFLORIDA.com
Tel: 305.771.3374
*Co-Counsel for Plaintiff*

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
2250 SW 3rd Ave, Suite 400
Miami, FL 33129
Email: me@espino-law.com
Tel: 305.704.3172
*Co-Counsel for Plaintiff*